## RICH v. DAVIS & CO.

Where a mining company, not incorporate, forms a trading partnership with an individual under a firm name, each member of the mining company is a member of the firm.

Where one of the mining company acted as salesman of the firm, it cannot be pretended that he was a dormant partner, whose acts would not bind the firm.

APPEAL from the District Court of the Tenth Judicial District, County of Nevada.

The Flushing Mining Co., composed of eleven members, formed a partnership with Hamlet Davis, for trading, under the firm name of Davis & Co. Israel J. Hirst, a member of the mining company, acted as salesman in the store of Davis & Co. Davis and the Flushing Mining Co. each put in an equal amount of capital. Dysart and Voorhies, two members of the latter, attended to the business for the Company. Hirst executed a promissory note in the name of Davis & Co., which passed by endorsement to the plaintiff, and on which this action is brought. Hirst had on a previous occasion signed the firm name to a certificate of deposit, which had afterward been paid by the head of the firm.

The case was tried in the Court below without a jury. The above facts appear in the finding of the Court, upon which it gave judgment for defendants. Plaintiffs appealed.

*McConnell, and Robinson, Beatty & Sackett*, for Appellant.

*Buckner and Hill*, for Respondents.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Chief Justice MURRAY concurred.

The facts found by the District Court establish that Hirst was a member of the " Flushing Mining Company," the members of which, together with Davis, constituted the firm of Davis & Co., in whose name the note was executed by Hirst. This makes Hirst beyond controversy a member of the firm of Davis & Co.

The only remaining question is, was he such a dormant partner as would prevent his acts from binding the partnership? He was a salesman in the store of Davis & Co., and the findings shew that on one occasion he had signed the firm name to a certificate of deposit, which was afterwards recognized and paid by Davis, the head of the firm; that this was to the same person to whom this note was made.

Slighter circumstances than these would, I think, be sufficient to

show the authority of Hirst to bind the firm. The fact that he was a partner and actively engaged in the business of the partnership as salesman, ought to be enough. The other circumstances only add strength to that which was strong enough without them.

The judgment is reversed, and the cause remanded.